KEDINGER, Respondent, vs. HEISLER, Appellant.

*March 8—April 7, 1937.*

For the appellant there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner* and *Doris E. Lehner.*

For the respondent there was a brief by *H. J. Gergen* of Beaver Dam, attorney, and *Eugene A. Clifford* and *William*

*B. Clifford,* both of Juneau, of counsel, and oral argument by *Mr. Gergen.*

Fritz, J. The judgment in question was entered December 18, 1933, in this action of foreclosure, which was brought by the plaintiff, Peter Kedinger, against the petitioner, Margareta Heisler, and others, and which was based on a note for $4,000, secured by a real-estate mortgage executed and delivered by her to Kedinger, as a part of a $6,000 payment, which was made on December 2, 1922, by the petitioner's son, Leo Heisler, on the purchase price of $19,000, which he had agreed to pay Kedinger for a farm. In the answer filed by the petitioner in that action she alleged failure on her part to understand the transaction, false representations, her inexperience, and that there was no consideration. Those issues were duly tried upon evidence introduced by the petitioner, as well as the plaintiff, and upon that evidence the court found,—

That "Margareta Heisler, executed and delivered said note and mortgage to the plaintiff as part of the purchase money of a farm purchased by her son, Leo Heisler, from the plaintiff, under an agreement dated November 4, 1922, whereby said Leo Heisler agreed to purchase a farm from the plaintiff for the sum of nineteen thousand dollars ($19,000) and to pay therefor the sum of six thousand dollars ($6,000) on December 1, 1922, at which time a land contract was to be made by the plaintiff and said Leo Heisler, and that said Leo Heisler paid the plaintiff the sum of two thousand dollars ($2,000) in cash on December 2, 1922, and at his request the defendant, Margareta Heisler, executed said note and mortgage of four thousand dollars ($4,000) to the plaintiff in lieu of that amount in cash, and that said note and mortgage was so executed and delivered by the defendant, Margareta Heisler, and was accepted by the plaintiff in lieu of that amount in cash and as a portion of said initial payment of said six thousand dollars ($6,000). . . .

"That at the time of the execution and delivery of said four thousand dollar ($4,000) note and mortgage the plain-

tiff and said Leo Heisler executed and entered into a land contract pursuant to the above-mentioned agreement of November 4, 1922, whereby the said plaintiff agreed to sell to the said Leo Heisler and the latter agreed to purchase the plaintiff's said farm.

"That no false representations were made by the plaintiff to induce the defendant, Margareta Heisler, to execute and deliver said note and mortgage, and that at the time thereof and at all of the times since, the defendant Margareta Heisler, had full knowledge of the nature of said note and mortgage and of the purpose for which she executed the same."

Pursuant to those findings, and findings as to other essential facts not now in dispute, the judgment of foreclosure was entered on December 18, 1933, and notice thereof given to the petitioner. On June 27, 1935, the sheriff sold the land under the judgment, and on September 7, 1935, Kedinger moved to confirm that sale. Thereupon Margareta Heisler filed the petition now under consideration, and alleged therein that in February, 1931, Kedinger obtained a quitclaim deed, by which Leo Heisler and his wife reconveyed their interest in the farm to Kedinger; that Leo Heisler and wife were in great financial distress; that plaintiff obtained that deed by fraud, duress, and without consideration; that it was unjust and inequitable; that plaintiff's acts and conduct constituted a mutual rescission of the entire transaction; and that it was his duty to satisfy the mortgage on the petitioner's land, and she is entitled to have the collection and enforcement of judgment of foreclosure enjoined.

A review of the record discloses that there was no evidence upon the hearing on the petition of any intrinsic or extrinsic fraud, which would justify disturbing the findings quoted above, which were made by the court upon the issues raised on the trial of the foreclosure action. It is still apparent that the court was well warranted in finding that Margareta Heisler executed and delivered the note and mortgage to

Kedinger "as part of the purchase money" under her son's agreement to buy Kedinger's farm for $19,000 and pay $6,000 to him on December 2, 1922; that she executed that note and mortgage to Kedinger at her son's request "in lieu of that amount in cash;" that they were so executed and delivered by her and accepted by Kedinger "in lieu of that amount in cash and as a portion of said initial payment of said" $6,000; that no false representations were made by Kedinger to induce her to execute the note and mortgage; and that then and at all times since she had full knowledge of the nature thereof and purpose for which she executed them.

Under the facts, as thus found, the petitioner's note and mortgage were not delivered by her to or accepted by Kedinger as mere security for $4,000, which Leo Heisler was thereafter to pay to him on account of the $19,000 purchase price. On the contrary, she delivered that note and mortgage, and Kedinger accepted them, on December 2, 1922, as part of the initial $6,000 payment, which he acknowledged receipt of in the land contract that he then executed. And under the express terms of that contract, he was, on the one hand, entitled to receive payment of only $13,000, as the unpaid balance of the $19,000 purchase price; and was, on the other hand, obligated to convey the farm upon the payment of only that balance of $13,000. As a consequence, Leo Heisler could then have entirely discharged his original obligation to pay $19,000, as the purchase price, by paying merely the unpaid balance of $13,000, and upon doing so he would have been entitled to conveyance of the land, regardless of whether Kedinger ever received payment of the $4,000 owing to him by the petitioner on her note, or whether he would ever realize thereon. In either event, he was then no longer entitled to enforce payment of the $4,000 by Leo Heisler or to refuse to convey the farm until he had received payment of the petitioner's note. Likewise, because of Ked-

inger's acceptance of the petitioner's note and mortgage, together with the $2,000 in cash, as the $6,000 initial payment, which was to be made and was in fact made by Leo Heisler on December 2, 1922, that entire payment of $6,000 became forfeited to Kedinger, as vendor, at his election, upon Leo Heisler's default in his further performance under the contract. *Oconto Co. v. Bacon,* 181 Wis. 538, 548, 195 N. W. 412. Thereupon Kedinger was under no obligation to return any part of that $6,000 payment to either Leo Heisler or the petitioner in the absence of an agreement to that effect; and no such agreement can be implied from merely the fact that there was a release or reconveyance of Leo Heisler's interest in the farm by quitclaim deed on February 14, 1931. As the petitioner did not participate in and was not a party to that transaction, and owned no interest in the rights released or reconveyed by that deed, the court rightly rejected as immaterial findings proposed by the petitioner in relation to the alleged duress and fraud in Kedinger's obtaining of that quitclaim deed, and petitioner's alleged lack of knowledge thereof until shortly before she filed her petition. Furthermore, the evidence did not warrant findings either to that effect or that the quitclaim deed was given in mutual rescission of the land contract so as to entitle petitioner to the satisfaction and return of her note and mortgage. Because that note and mortgage had been accepted by Kedinger as part payment of the $6,000 initial payment, and Leo Heisler thereupon remained obligated to pay no more than the balance of $13,000 to entitle him to conveyance of the farm, the petitioner's obligation on her note was not merely the obligation of a surety to pay a debt still owing by her son, as the principal. Consequently, as he was no longer indebted to Kedinger for the initial payment of $6,000, or the $4,000, as part thereof, there did not exist, in so far as Kedinger is concerned, the relationship of principal and surety as between Leo Heisler and the petitioner; and there-

394

fore, in so far as Kedinger is concerned, there existed no obligation or rights as a surety on her part, which can be considered discharged or impaired by reason of Kedinger's acceptance of the quitclaim deed, or his transaction with Leo Heisler in respect to that deed.

*By the Court.*—Order affirmed.